**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**FRANCES RODRIGUEZ, et al.,**

        **Plaintiffs,**

vs.                                                     Civ. No.   06-228 JH/LFG

**RICHARD MARCHMAN, EUGENE WRIGHT,
INTERSTATE COMMODITY EXPRESS, INC.,
DIAMOND STATE INSURANCE COMPANY,
and FRANCES RODRIGUEZ,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER OF REMAND**

This matter comes before the Court on Defendants' *Motion to Dismiss Defendant Frances Rodriguez On the Grounds of Fraudulent Joinder* [Doc. No. 4] and *Plaintiffs' Motion to Remand* [Doc. No. 9].  The Court concludes that Defendant Frances Rodriguez was not fraudulently joined, and therefore there is no complete diversity among the Plaintiffs and Defendants.  Accordingly, this Court lacks subject matter jurisdiction.  The motion to dismiss Frances Rodriguez as a defendant will be denied, and the motion to remand to state district court will be granted.

**BACKGROUND**

This case arises from a traffic accident that took place in Santa Fe, New Mexico.  Plaintiffs (and/or the minor children on whose behalf they are suing) were riding in a Mitsubishi sedan when they collided with a truck driven by Defendant Richard Marchman ("Marchman").  Plaintiff Frances Rodriguez ("Rodriguez") was the driver of the sedan.  Plaintiffs originally filed this case in New Mexico state district court and have sued Marchman, as well as Eugene Wright (the owner of the truck), Interstate Commodity Express, Inc., Diamond State Insurance Company (Wright's insurer),

and their fellow plaintiff, Frances Rodriguez.  Thus, Rodriguez in the unusual position of being both a plaintiff and a defendant in the same lawsuit.  In Count I, Plaintiffs claim that Marchman is liable for negligence and negligence per se, and that his Co-Defendants Wright and Interstate Commodity Express are vicariously liable for his actions, while the insurer Diamond State is liable for any judgment rendered against Marchman, Wright and Interstate Commodity Express.  In Count II, Plaintiffs seek punitive damages against all Defendants except Rodriguez.  In Count III, titled "Negligence Defendant Rodriguez," Plaintiffs apparently seek damages from Rodriguez in the event she is found to be comparatively at fault for the accident.

All of the Plaintiffs are citizens of New Mexico.  With the exception of Plaintiff-Defendant Rodriguez, all of the Defendants are citizens of states other than New Mexico.  Therefore, Rodriguez' presence in the case as a defendant destroys complete diversity.  Defendants removed the case to this Court on the basis of federal diversity jurisdiction under 28 U.S.C. § 1332, alleging that Plaintiffs had fraudulently joined Rodriguez as a defendant in order to defeat federal jurisdiction.  Plaintiffs deny fraudulent joinder and contend that this Court lacks jurisdiction to hear the case.

## LEGAL STANDARD

Federal court jurisdiction is to be strictly construed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868 (1941). Where a case was originally filed in state district court, a presumption exists against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (Kelly, J.), and the court must resolve all doubts against removal, *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982);  *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden of establishing that removal was properly accomplished.  *Martin*,

251 F.3d at 1290.

The party asserting the right to removal based upon fraudulent joinder bears an even heavier burden. "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999) (Baldock, J., sitting by designation) (citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956)). The plaintiff need not ultimately succeed on a claim against the resident defendant to defeat removal jurisdiction; rather, the plaintiff must demonstrate only the possibility that a state court would find that the complaint state a valid cause of action. *Id*. at 1147. As one court has phrased it:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (quotation omitted). *See also Batoff v. State Farm Ins. Co*., 977 F.2d 848, 851-53 (3d Cir. 1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.").

## DISCUSSION

There is no doubt but that New Mexico law permits an injured passenger in an automobile to sue both the driver of the car in which he or she is riding for that driver's negligence, as well as to sue the driver of any other automobile involved in the collision. *See, e.g., Kindschi v. Williams*, 86

N.M. 458 (Ct. App. 1974). Further, Defendants do not dispute that the other four Plaintiffs could properly pursue such a claims against their driver, Rodriguez, under New Mexico law. As explained above, the issue before the Court is whether there is any possibility that Plaintiffs would be able to establish a cause of action against Rodriguez. Because it is possible that Plaintiffs (or the Defendants, for that matter) could establish that Rodriguez' negligence contributed to the accident, and therefore Plaintiffs could recover from Rodriguez (which appears to be the claim alleged in Count III), the Court finds that Plaintiffs did not fraudulently join Rodriguez as a defendant.

Defendants argue, in effect, that the other four Plaintiffs have no subjective intent to pursue such a claim, citing the Complaint which states that Plaintiffs "dispute Ms. Rodriguez' negligence" but to the extent the jury finds her comparatively liable, Plaintiffs are entitled to recovery of damages from Rodriguez.[1] However, Plaintiffs' subjective intent is not the yardstick by which fraudulent joinder is measured, but rather the question is if there is any way in which the Complaint states a claim against Rodriguez. Admittedly, the Complaint is not a model of clarity. However, the Court finds that the Complaint read as a whole, and Count III in particular, can reasonably be interpreted to include a claim of negligence against Rodriguez as an alternative theory of recovery by the remaining four Plaintiffs. The Court cannot say as a matter of legal certainty that the other four Plaintiffs will not be able to recover from Rodriguez under Count III.

The Defendants raise several valid issues, including the bizarre procedural posture of this case and the conflict of interest that arises from Rodriguez being both a plaintiff and a defendant in the same lawsuit as well as from sharing counsel with the other four Plaintiffs, whose interests are

---

[1] The Court notes that the relevant paragraph of the Complaint, Paragraph 41, is a run-on sentence that makes no sense on its own and appears to be missing one or more words.

adverse to those of Rodriguez.  The Court recognizes the significance of these issues, but they do not affect the question of complete diversity.  Having found that it lacks subject matter jurisdiction over this case, the Court leaves those questions in the capable hands of the state district court.

Plaintiffs' request for Rule 11 sanctions against Defendants is without merit and will be denied.

**IT IS THEREFORE ORDERED** that Defendants' *Motion to Dismiss Defendant Frances Rodriguez On the Grounds of Fraudulent Joinder* [Doc. No. 4] is **DENIED** and *Plaintiffs' Motion to Remand* [Doc. No. 9] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is hereby **REMANDED** to the First Judicial District Court, Santa Fe County, New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**